**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ERNESTINE ANNA VEGA,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    CIVIL ACTION NO. 25-CV-5280 |
| TEMPLE UNIVERSITY<br>HOSPITAL, *et al.*,<br>    Defendants. | :<br>:<br>:<br>: |

**<u>MEMORANDUM</u>**

**COSTELLO, J.**                                                                                  **OCTOBER 27, 2025**

Currently before the Court is the *pro se* Complaint of Plaintiff Ernestine Anna Vega, asserting state law claims based on an unauthorized surgical procedure that she alleges caused her physical harm and emotional distress. For the following reasons, the Court will dismiss the Complaint without prejudice for lack of subject matter jurisdiction.

**I.**     **FACTUAL ALLEGATIONS**[1]

Vega asserts that on an unspecified date, she visited her OBGYN because she was having difficulty getting pregnant. (Compl. at 4.) After running some tests, the doctor informed Vega that her right ovary was missing and her left ovary had a cyst that had ruptured and was leaking fluid. (*Id.*) Now, she asserts she "can't get pregnant on [her] own." (*Id.*) Vega alleges that the ovary was removed without her knowledge or consent during laparoscopic surgery at Temple University Hospital on an unspecified earlier date. (*Id.* at 4.) She asserts that the surgeon made two incisions while she was under anesthesia, and when she asked what the second incision was

---

[1] The following facts are taken from Vega's Complaint. (ECF No. 2). The Court adopts the pagination supplied by the CM/ECF docketing system. Where appropriate, grammar, spelling, and punctuation errors in Vega's pleading will be corrected for clarity.

for, he explained he needed "more space to look around." (*Id*.) Vega contends that the surgeon lied to her and actually made the second incision to remove her ovary. (*Id*.) At some point after the surgery, Vega began losing estrogen "that started forming a cyst in [her] body." (*Id*.) Also, "both of [her] breasts . . . [her] head, face, and other parts of [her] body started to age faster" as a result of the low estrogen. (*Id*.) Her bipolar disorder became worse, causing her to experience worsened mood swings, loss of sex drive, and suicidal ideation. (*Id*. at 4-5.) Vega grew severely depressed, began taking medication that gave her kidney stones, has been unable to keep a stable relationship, and became addicted to street drugs. (*Id*. at 5.) She seeks $2 billion dollars in monetary damages. (*Id*.)

Vega left blank the section of the form complaint she used asking about federal question jurisdiction. (Compl. at 3.) In the section of the form asking about diversity jurisdiction, Vega states that both she and the Defendants are citizens of Philadelphia. (*Id*. at 4.)

## II.     STANDARD OF REVIEW

The Court grants Vega leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to screen the Complaint and dismiss it if, among other things, it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint

as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim.  *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Vega is proceeding *pro se*, the Court construes her allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

When allowing a plaintiff to proceed *in forma pauperis* the Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction.  *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

### III.   DISCUSSION

Vega's Complaint must be dismissed for lack of subject matter jurisdiction.  She does not assert a basis for federal question jurisdiction.  Based on her factual allegations, the Court understands her to assert only state law claims.  To adjudicate state law claims, 28 U.S.C. § 1332(a) grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required.  This means that,

unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co.*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted). By indicating that she and the Defendants are citizens of Philadelphia, Vega appears to assert that the parties are all citizens of Pennsylvania, thus failing to allege the diversity required for the Court to exercise jurisdiction pursuant to § 1332(a). In an abundance of caution, however, the Court will grant Vega leave to amend in the event that she can allege a basis for the Court's diversity jurisdiction.

## IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss Vega's Complaint without prejudice for lack of subject matter jurisdiction. Vega may file an amended complaint if she is able to allege facts indicating that the parties are of diverse state citizenship. If Vega files an amended complaint, she should explain when the events giving rise to her claims are alleged to have occurred.

In the alternative, Vega may refile her claims in state court where the parties' citizenship will not be a factor.[2] An appropriate Order follows.

BY THE COURT:

_____
**MARY KAY COSTELLO, J.**

---

[2] The Court expresses no opinion on the merits of her claims.

4