IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ERNESTINE ANNA VEGA,** | : | |
|     **Plaintiff,** | : | |
| | : | |
|     v. | : | **CIVIL ACTION NO. 25-CV-5280** |
| | : | |
| **TEMPLE UNIVERSITY** | : | |
| **HOSPITAL,** *et al.*, | : | |
|     **Defendants.** | : | |

**MEMORANDUM**

**COSTELLO, J.**                                                                                   **JANUARY 26, 2026**

*Pro Se* Plaintiff Ernestine Anna Vega opened this case by filing a Complaint against Temple University Hospital, Abhinav Rastogi, Michael A. Young, and Temple University Health System.  (*See* ECF No. 2.)  The Court granted Vega leave to proceed *in forma pauperis* and dismissed her Complaint with leave to amend.  (ECF Nos. 6, 7.)  Currently before the Court is Vega's Amended Complaint (ECF No. 8), which names as the sole Defendant Temple University Hospital ("Temple").  For the reasons that follow, the Court will dismiss the Amended Complaint without prejudice for lack of subject matter jurisdiction.

**I.      FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**[1]

Vega states that on August 23, 2007, she underwent a "unilateral oophorectomy without permission."  (Am. Compl. at 4.)  She asserts that an unnamed doctor told her he was going to perform a laparoscopy following Vega suffering a kidney stone.  (*Id*. at 4-5.)  Vega consented to

---

[1]  The facts set forth in this Memorandum are taken from Vega's Amended Complaint (ECF No. 8).  The Court adopts the pagination assigned to the Amended Complaint by the CM/ECF system.

the laparoscopy,[2] but when she woke up from the procedure she noticed there were three incisions instead of just one. (*Id*. at 5.)  The doctor assured her that this was a normal part of the laparoscopy, but she alleges that he in fact removed one of her ovaries. (*Id*. at 6.)  As a result, Vega experienced various symptoms of accelerated aging, including worsening vision and a drop in hormone levels; she also suffered severe depression due to her inability to have children. (*Id*.)

The Court dismissed Vega's initial Complaint because she appeared to assert only state law claims and failed to allege any basis for the Court's exercise of diversity jurisdiction. (ECF No. 6 at 3-4.)  In an abundance of caution, the Court granted leave to amend in the event she could allege a basis for diversity jurisdiction. (*Id*. at 4.)  In her Amended Complaint, Vega asserts unspecified state law tort claims against Temple.  She leaves blank the "Basis for Jurisdiction" section of the form complaint she used. (Am. Compl. at 2.)  Vega does not specify the type of relief she seeks, but appears to assert that another woman in Baltimore obtained a $1.4 million judgment at trial from a doctor who removed the woman's ovary. (*Id*. at 5.)

## II.     STANDARD OF REVIEW

Vega was previously granted leave to proceed *in forma pauperis*, so the Court is required to determine whether her Amended Complaint states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).  That inquiry applies the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  The Court must determine whether the Amended Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  That means the

---

[2] Vega appears to assert elsewhere in the Amended Complaint that the procedure was an upper endoscopy, a different imaging procedure that does not involve an incision. (Compl. at 6); *see* https://www.mayoclinic.org/tests-procedures/endoscopy/about/pac-20395197 (last visited January 23, 2026).  The discrepancy is not material for the purposes of the Court's analysis.

Court must accept the factual allegations in the Amended Complaint as true, draw inferences in favor of the plaintiff, and determine whether there is a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678. When a plaintiff is proceeding *pro se*, the Court construes her allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

The Court must also review the pleadings and dismiss the matter if it determines that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").

## III. DISCUSSION

The Court understands Vega to assert state law tort claims based on an unnamed doctor removing her ovary without consent. Because she does not assert any federal claims, the Court cannot exercise supplemental jurisdiction over her state law claims under 28 U.S.C. § 1367. *See Burgos v. City of Philadelphia*, 439 F. Supp. 3d 470, 486 (E.D. Pa. 2020) ("Federal courts are courts of limited jurisdiction, and under 28 U.S.C. § 1367, a prerequisite to the federal court's exercise of pendent jurisdiction over a plaintiff's state law claims is that at least one claim based on the court's original diversity or federal question jurisdiction is before the court." (cleaned up)). The only independent basis for jurisdiction over any state law claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

In dismissing Vega's original Complaint, the Court explained that "[s]ection 1332(a) requires 'complete diversity between all plaintiffs and all defendants, even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, no plaintiff may be a citizen of the same state as any defendant.'" (ECF No. 6 at 3-4 (quoting *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (cleaned up)).) An individual is a citizen of the state where she is domiciled, meaning the state where she is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). It is the plaintiff's burden to establish diversity of citizenship. *See Lincoln Ben. Life Co.*, 800 F.3d at 105.

The state law claims in Vega's original Complaint were dismissed because she asserted that both she and the Defendants were citizens of Philadelphia, so there was not complete diversity of citizenship among the parties. (ECF No. 6 at 5.) In her Amended Complaint, Vega states that she was born in Philadelphia and provides a Philadelphia address. (Am. Compl. at 2, 4.) The sole Defendant named in the Amended Complaint is Temple University Hospital, for which Vega lists a Philadelphia address. (*Id*. at 4.) Accordingly, again, there is not complete diversity of citizenship among the parties, the Court lacks diversity jurisdiction over Vega's state law claims, and the Amended Complaint must be dismissed.

## IV.     CONCLUSION

For the foregoing reasons, the Amended Complaint will be dismissed without prejudice for lack of subject matter jurisdiction. *See N.J. Physicians, Inc. v. President of U.S.*, 653 F.3d 234, 241 n.8 (3d Cir. 2011) (explaining that dismissals for lack of subject matter jurisdiction are "by definition without prejudice"). The Court expresses no opinion on the merits or timeliness of Vega's claims, should she choose to pursue them in state court, but she is not granted further

leave to amend here because amendment would not cure the jurisdictional defect. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). An order follows.

**BY THE COURT:**

_____
**MARY KAY COSTELLO, J.**